# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>Stream TV Networks, Inc.,[1]<br><br>Debtor. | Chapter 11<br><br>Bky. No. 23-10763 (MDC) |
| In re:<br><br>Technovative Media, Inc.,<br><br>Debtor. | Chapter 11<br><br>Bky. No. 23-10764 (MDC)<br><br>(Jointly Administered) |

### STIPULATED ORDER RESTATING AND ENFORCING THE WORLDWIDE AUTOMATIC STAY

Upon consideration of the *Emergency Motion for Entry of an Order Enforcing the Automatic Stay and for Sanctions for Willful Stay Violation* (D.I. 49) and *Additional Supplement to Debtors' Emergency Motion for Entry of an Order: (1) Enforcing the Automatic Stay; (2) Directing the Turnover of Property of Debtors' Estate; and (3) Imposing Sanctions for Willful Stay Violations* (D.I. 458) and the *Supplement* filed November 8, 2023, filed by Stream TV Networks, Inc. ("Stream") and Technovative Media, Inc. ("Technovative"), the above-captioned debtors and debtors-in-possession (collectively, "Debtors"); this Court having jurisdiction with respect to Stream to consider the relief requested herein pursuant to 28 U.S.C. §§ 157 and 1334 and the

---

[1] The Debtors, together with the last four digits of the Debtors' federal tax identification numbers, are Stream TV Networks, Inc. (…4092) and Technovative Media, Inc. (…5015). The location of the Debtors' service address is: 2009 Chestnut Street, 3rd Floor, Philadelphia, PA 19103.

132238519.1
317213620.1

*Amended Standing Order of Reference of the United States District Court for the Eastern District of Pennsylvania*, dated November 8, 1990; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of the Stream chapter 11 case and venue of the Stream chapter 11 case in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and by agreement of the parties which obviated the need for a hearing; and after due deliberation and sufficient cause appearing therefore;

**IT IS HEREBY ORDERED THAT**:

Pursuant to Section 362, 365, 525, and 541 of the Bankruptcy Code, and subject to the exceptions to the automatic stay contained in the Bankruptcy Code section (including section 362(b)) and the right of any party in interest to seek relief from the automatic stay in accordance with Bankruptcy Code section 362(d), pursuant to Section 362 of the Bankruptcy Code:

(a)    The filing of a petition under the Bankruptcy Code on the petition date, March 15, 2023, operated as a stay, applicable to all entities,[2] on the following:

> (1)    the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the Debtors that was or could have been commenced before the commencement of these Chapter 11 cases, or to recover a claim against the Debtors that arose before the commencement of these Chapter 11 cases;

---

[2] "Entity" is defined in the Bankruptcy Code to include a person, estate, trust, governmental unit, and United States Trustee. Bankruptcy Code section 101(15). "Person," in turn, is defined in the Bankruptcy Code to include an individual, partnership, and corporation. Bankruptcy Code section 101(41).

132238519.1
317213620.1

(2) the enforcement, against the Debtors or against property of the Debtors' estates,[3] of a judgment obtained before the commencement of these Chapter 11 cases;

(3) any act to obtain possession of property of the Debtors' estates or of property from the Debtors' estates or to exercise control over property of the Debtors' estates;

(4) any act to create, perfect, or enforce any lien against property of the Debtors' estates;

(5) any act to create, perfect, or enforce against property of the Debtors any lien to the extent that such lien secures a claim that arose before the commencement of these Chapter 11 cases;

(6) any act to collect, assess, or recover a claim against the Debtors that arose before the commencement of these Chapter 11 cases;

(7) the setoff of any debt owing to the Debtors that arose before the commencement of these Chapter 11 cases against any claim against the Debtors; and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of a Debtor that is a corporation for a taxable period the bankruptcy court may determine.

(b) The commencement of a bankruptcy case creates an estate. Except as provided in Bankruptcy Code section 541(b) and (c)(2), such estate is comprised of all legal or equitable interests of the debtor in property as of the commencement of the bankruptcy case, wherever located and by whomever held.

(c) Nothing in this Order is intended to, or shall, alter the provisions or modify

---

[3] As used herein, "estate" has the meaning set forth in Bankruptcy Code section 541.

the protections of the Bankruptcy Code, including Bankruptcy Code section 362, nor shall anything in this Order extend the stay to non-debtor property or property that is not property of the Debtors' estates, or determine whether any property is or is not property of the Debtors' estates. Nothing herein shall constitute a determination regarding any pending motions or proceedings (including motions for relief from, or seeking to enforce, the automatic stay) or grant of any injunction or injunctive relief requested or currently pending before the Court, nor shall anything herein constitute a determination whether or not a stay violation has or has not occurred.

(d)   Entry of this Order shall not affect the exceptions to the automatic stay contained in section 362 (including section 362(b)) of the Bankruptcy Code or the right of any party in interest to seek relief from the automatic stay in accordance with section 362(d) of the Bankruptcy Code or the right of any party in interest to assert any rights under 362(e) of the Bankruptcy Code.  This Order is intended to be declarative of and coterminous with, and shall neither abridge, enlarge nor modify, the rights and obligations of any party under sections 362 (including 362(e)), 365, 525, and 541 of the Bankruptcy Code or any other provision of the Bankruptcy Code.  Nothing here constitutes a waiver by any party interest of any rights or defenses under any such sections.

(e)   This Order does not constitute an anti-suit injunction of any pending action brought under the laws of any foreign jurisdiction or any future action directed by such a court or brought before such a court; the parties' rights with respect to such matters are fully reserved, including as to the subject of matters and proceedings currently pending before this Court.

(f)   In accordance with the Bankruptcy Code, the Bankruptcy Rules, and applicable law, upon request of a party in interest, and after notice and a hearing, this Court may grant relief from the restraints imposed herein in the event that is necessary, appropriate, and

warranted to terminate, annul, modify, or condition the injunctive relief herein. To the extent the stay has been terminated with respect to a party in interest in accordance with the Bankruptcy Code, the Bankruptcy Rules, and applicable law, nothing herein shall affect that termination.

(g) Nothing herein shall constitute a determination that this Court has jurisdiction over any party.

(h) The Debtors are authorized and empowered, but not directed, to serve, and may use reasonable methods of providing notice of this Order, such as, and including but not limited to, publication, certified and non-certified mail service.

Dated: __December 14th, 2023

*Magdeline D. Coleman*

MAGDELINE D. COLEMAN
United States Bankruptcy Judge

132238519.1
317213620.1