IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| *In re* VISUAL SEMICONDUCTOR, INC., *et al.*, <br><br>　　　　　Petitioner, | Civ. No. 24-6548-PD |

**HAWK INVESTMENT HOLDINGS LTD.'S (A) JOINDER TO THE RESPONSE IN OPPOSITION OF WILLIAM A. HOMONY, IN HIS CAPACITY AS CHAPTER 11 TRUSTEE, TO THE EMERGENCY JOINT PETITION FOR (I) WRIT OF MANDAMUS; (II) WRIT OF PROHIBITION; (III) MOTION FOR STAY PENDING APPEAL; AND (IV) IN THE ALTERNATIVE, MOTION FOR WITHDRAWAL OF REFERENCE TO BANKRUPTCY COURT AND (B) ADDITIONAL RESPONSE**

Hawk Investment Holdings Ltd. ("Hawk"), as Collateral Agent for the secured noteholders of SeeCubic, Inc. ("SeeCubic"), a secured creditor of Stream TV Networks, Inc. ("Stream") and Technovative Media Inc. ("Technovative" and, together with Stream, the "Debtors") in the above-captioned chapter 11 cases (together, the "Chapter 11 Cases"), by and through its undersigned counsel, K&L Gates LLP, respectfully submits this (i) joinder (the "Joinder")[1] to the Response [ECF No. 9] (the "Response") of William A. Homony (the "Trustee"), to the *Emergency Joint Petition for (I) Writ of Mandamus; (II) Writ of Prohibition; (III) Motion for Stay Pending Appeal; and (IV) in the Alternative, Motion for Withdrawal of Reference to Bankruptcy Court* [ECF No. 1] (the "Joint Motion"), filed by Visual Semiconductor, Inc. ("VSI") and Rembrandt 3D Holdings Ltd. ("Rembrandt" and, together with VSI, the "Petitioners") and (ii) further responds to the Joint Motion as set forth below.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the unpublished decision captioned *In re Stream TV Networks, Inc.* Case No. 23-10763 (MDC), 2024 WL 87639 (Bankr. E.D. Pa. Jan. 5, 2024) [hereinafter, the "Trustee Opinion"].

1

**JOINDER AND ARGUMENT**

As the Response and the Trustee Opinion each makes clear, the disputes at issue here did not start with a disagreement over bidding procedures and a sale process.  Indeed, the Petitioners—with their chaotic litigation strategy orchestrated by the Debtors' now deposed principal, Mr. Mathu Rajan, the founder and controlling shareholder of VSI[2]—have consistently wrought havoc with respect to the Debtors, their businesses, and their Secured Creditors[3] dating back to early 2020.[4]  Over this time, the Petitioners have done everything to ensure Mr. Rajan retains power and control over the Debtors notwithstanding the Debtors' defaulting on tens of millions of dollars of debt secured by substantially all of the Debtors' assets.[5]

In furtherance of these goals, the Petitioners—together with the Debtors and Mr. Rajan—have been a scourge on the judicial system for years, instituting no fewer than sixteen legal actions against the creditors and other related parties across at least five jurisdictions, including but not limited to:

- The pending bankruptcy action (the "Bankruptcy Cases") before the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court");

- two bankruptcies filed the United States Bankruptcy Court for the District of Delaware (both dismissed as bad faith filings);[6]

---

[2] *See* Trustee Opinion, at *3 (noting Rembrandt participating in filing one of the Debtors' prior bad faith bankruptcy filings, and Mr. Rajan's formation of VSI, in which he retains "the majority of voting stock")

[3] For the purposes hereof, the term "Secured Creditors" refers to Hawk and SLS Holdings VI, LLC ("SLS").

[4] *See* Trustee Opinion, at **2–3 (detailing the loans made and the history of litigation commencing in September 2020).

[5] *See id.* at *2 (detailing the loans made to the Debtors starting in 2011, including $6 million by SLS and over £50 million by Hawk).

[6] *See id.* at *3 ("While the Omnibus Agreement litigation was playing out, on February 24, 2021, Stream filed a voluntary chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of Delaware…. On May 17, 2021, the Delaware Bankruptcy Court ***dismissed the case as a bad faith filing***.  After dismissal, on May 23, 2021, three of Stream's purported unsecured creditors, including ***Rembrandt***, filed an involuntary Chapter 7 bankruptcy petition against Stream.  On June 10, 2021, the Delaware Bankruptcy Court again ***dismissed the***

- an appeal of one such bad faith dismissal that failed;[7]

- an intellectual property action pending in the United States District Court for the District of Delaware (currently stayed);[8]

- multiple state court actions in the state courts of Delaware and Pennsylvania;[9]

- an action in the United States District Court for the District of Delaware seeking to overturn certain factual findings made by the Vice Chancellor in connection with the litigation over the Omnibus Agreement and find a conspiracy against Mr. Rajan to take over Stream;[10]

- an adversary proceeding,[11] which the Debtors immediately sought (and failed to obtain) a withdrawal of the reference of these Bankruptcy Cases;[12]

- a third-party adversary proceeding by Rembrandt asserting similar objections and arguments it has made in this case and with respect to the proposed bidding procedures and sale;[13] and

- four currently pending appeals of various orders entered by the Bankruptcy Court as part of these Bankruptcy Cases.[14]

---

***involuntary bankruptcy action as a bad faith filing***, and imposed a twelve-month bar on Stream re-filing for bankruptcy) (emphasis added).

[7] *See Stream TV Networks, Inc. v. Visual Technologies (In re Stream TV Networks, Inc)*, Case No. 21-00723-RGA (D. Del. May 21, 2021).

[8] *See Rembrandt 3D Holding Ltd. v. Technovative Media, Inc. et al.*, Case No. 23-00193 (D. Del. Feb. 21, 2023).

[9] *See*, *e.g.*, Trustee Opinion, at **2–3 (detailing litigation over the "Omnibus Agreement" and the pending 225 Action as of the petition date); *Stream TV Networks, Inc.* v. SeeCubic, Inc., No. 2020-0766-JTL (Del. Ch. Sept. 8, 2020) (seeking to enjoin the Omnibus Agreement); *Rajan v. Crawford*, No. 2000501648 (Phila Ct. Comm. Pl. May 27, 2020) (seeking to again collaterally attack findings from the Delaware Court of Chancery regarding factual findings with respect to civil conspiracy); *Rajan v. Crawford*, No. 2102000269 (Phila. Ct. Comm. Pl) (same).

[10] *See Stream TV Networks, Inc. v. Stastney*, No. 22-00851 (D. Del. June 22, 2022).

[11] *See Stream TV Networks, Inc. v. Stastney et al.*, Case No. 23-10763, Adv. No. 23-00057 (Bankr. E.D. Pa. Aug. 12, 2023).

[12] *See Stream TV Networks, Inc. v. Stastney et al.*, Misc. Case No. 23-00135 (Bankr. E.D. Pa. Sept. 1, 2023).

[13] *See In re Stream TV Networks, Inc.*, Case No. 23-10762 (Bankr. E.D. Pa. Dec. 4, 2024) [ECF No. 855].

[14] *See In re Stream TV Networks, Inc.*, Case No. 23-10762 (Bankr. E.D. Pa.) ECF Nos. 685 (Rembrandt appeal of settlement agreement between Trustee and Secured Creditors), 821 (VSI appeal of motion to reconsider approval of settlement agreement between Trustee and Secured Creditors), 861 (VSI appeal of bidding procedures order), and 873 (joint appeal of Sale Order).

Interestingly, at no time with respect to any of the foregoing appeals have the respective appellant(s) sought a formal stay pending appeal through Federal Rule of Bankruptcy Procedure 8007.

Notwithstanding their initial success in challenging the Omnibus Agreement, their serial filing of frivolous legal actions has resulted in the same outcome—the Petitioners being found uncredible and their legal arguments unmeritorious (if not made in outright bad faith).

In fact, the Petitioners instituted the now-pending Bankruptcy Cases in order to stay the Vice Chancellor from issuing a ruling in the Secured Creditors' favor.[15]  This tactic has proven a pyrrhic victory, however, as the Bankruptcy Court took the extraordinary step of removing Mr. Rajan and the debtors in possession as being faithless fiduciaries—seemingly operating only for VSI's benefit—and appointing the Trustee after months of hard-fought litigation.[16] Nevertheless, as the Trustee and the Secured Creditors have attempted to negotiate and to consummate a settlement to bring finality to these Bankruptcy Cases, a cursory review of the Bankruptcy Cases' docket (and pending appeals) demonstrates that the Petitioners have remained steadfast in opposing all relief sought and seeking to cause confusion and delay each step along the way.

The Joint Motion is simply more of the same from the Petitioners.  After over 18 months of the Debtors' Bankruptcy Cases floundering, there is finally light at the end of the tunnel. The Petitioners' chaotic influence has been extirpated by virtue of the Trustee's appointment; the Trustee has investigated and assessed all options available to him and determined what the best path forward is for the Bankruptcy Cases; and Judge Chan has considered the briefing, arguments, and facts before her—all culminating in the entry of the Sale Order.  The Sale Order is the only

---

[15] *See* Trustee Opinion, at *4 (noting that a one-day oral argument in the Section 225 Action "was scheduled to commence on March 23, 2023, but was stayed by the filing of the Debtors' instant bankruptcy petitions [on March 15, 2023].").

[16] *See id.* at *22 ("These [unauthorized postpetition transfers of share of Stream to VSI], however, were not the only instances where the Court's trust in the Debtor's management has deteriorated in light of transactions the Debtors have proposed either at the eleventh hour or under cover of more innocuous requests for relief that seem to benefit VSI without justification.").

viable path for any recovery for creditors and finality to this years' long nightmare for all parties involved. Now, having lost every step of the way as a result of their own malfeasance, the Petitioners have filed the Joint Motion to bypass the proper legal channels and obtain a makeshift stay pending appeal (or obtain an actual stay pending appeal through an alternative procedure to that prescribed in the Federal Rules of Bankruptcy Procedure). The Petitioners are not owed a *seventeenth* bite at the proverbial apple.

Ultimately, however, the Trustee has aptly addressed these points as well as the other arguments made in the Joint Motion in his Response, to which Hawk joins and fully supports in its entirety.

## **RELIEF REQUESTED**

For all the foregoing reasons and those set forth in the Response, the Court should deny the Joint Motion.

Dated: December 11, 2024            **K&L GATES LLP**

                                            */s/ Steven L. Caponi*
                                            Steven L. Caponi, Esq. (No. 91881)
                                            600 King Street, Suite 901
                                            Wilmington, DE 19801
                                            Telephone: (302) 416-7000
                                            Facsimile: (302) 416-7020
                                            Email: Steven.caponi@klgates.com

                                            *Attorneys for Hawk Investment Holdings Ltd.*

## **CERTIFICATE OF SERVICE**

I, Steven L. Caponi, certify that on December 11, 2024, I caused a copy of the foregoing *Hawk Investment Holdings Ltd.'s (A) Joinder to the Response in Opposition of William A. Homony, In His Capacity As Chapter 11 Trustee, to the Emergency Joint Petition for (I) Writ of Mandamus; (II) Writ of Prohibition; (III) Motion for Stay Pending Appeal; and (IV) in the Alternative, Motion for Withdrawal of Reference to Bankruptcy Court and (II) Additional Response* to be served on those persons receiving notice through CM/ECF.

*/s/ Steven L. Caponi*
Steven L. Caponi (No. 91881)
