IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VISUAL SEMICONDUCTOR, INC.,** *et al.,* | : | |
| *Petitioners,* | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 24-6548 |
| **TECHNNOVATIVE MEDIA, INC.,** *et al.* | : | |
| *Respondents* | : | |

# ORDER

**AND NOW,** this 12th day of December, 2024, upon consideration of Petitioners' Emergency Joint Petition (ECF No. 1) and Respondents' responses in opposition (ECF Nos. 9 and 10), it is hereby **ORDERED**[1] as follows:

1. Petitioners' request for an emergency petition for a writ of mandamus and writ of prohibition is **DENIED.**[2]

2. Petitioners' motion for stay pending appeal is **DENIED.**[3]

---

[1] Petitioners filed the present matter in the Eastern District of Pennsylvania on December 9, 2024, in an apparent attempt to appeal the Bankruptcy Court Sale Order issued on the same day by the Honorable Judge Chan. ECF No. 9-2. The matter was originally assigned to the Honorable Judge Paul Diamond, but reassigned to this Court on December 11, 2024 pursuant to Judge Diamond's recusal. This abbreviated order is issued in lieu of a full opinion due to the need for prompt resolution of the emergency petition and impending sale.

[2] Under 28 U.S.C. § 1651(a), a reviewing court may issue a writ of mandamus or writ of prohibition if there is no other adequate means to attain the relief sought and a right to the writ is clear and indisputable. *In re Briscoe*, 448 F.3d 201, 212 (3d Cir. 2006); *see also In re Shawley,* 238 F. App'x 765, 767 n.2 (3d Cir. 2007) (explaining "the requirements for obtaining both writs are the same."). In accordance with the "no other adequate means" requirement, a writ "should not issue where relief may be obtained through an ordinary appeal." *In re Baldwin*, 700 F.3d 122, 127 (3d Cir. 2012). Indeed, the Third Circuit has consistently held that "[m]andamus or prohibition may not be used as a substitute for appeal." *In re Karupaiyan*, No. 23-3044, 2024 WL 616861, at *1 (3d Cir. Feb. 14, 2024). Here, the issues for which Petitioners seek writs are currently on appeal with the Bankruptcy Court. Because Petitioners may seek the requested relief through an ordinary appeal, the Court denies the emergency petition for a writ of mandamus and writ of prohibition.

[3] Petitioners are asking this Court to improperly bypass the bankruptcy court. Bankruptcy Rule of Procedure 8007 generally requires that a party seeking "a stay of a judgment, order, or decree of the bankruptcy court pending appeal" first seek such relief in the bankruptcy court. Fed. R. Bank. P. 8007(a)(1)(A). In the event the bankruptcy court denies the party's request to stay pending appeal, the party may then move before the district court for a stay pending appeal. That has not occurred here. Although a movant may under certain circumstances make a motion for stay in the district court where an appeal from the judgment is pending, *see* Rule 8007(b)(1), this provision does not apply to Petitioners.

3. Petitioners' motion for withdrawal of reference is **DENIED.**[4]

BY THE COURT:

_____<br>HON. MIA R. PEREZ

---

First, there is no pending appeal in this Court from the final judgment order of the bankruptcy case dismissing with prejudice the underlying proceedings. Second, a movant seeking to file a motion for stay in a district court must make a preliminary showing that first moving for a stay in the bankruptcy court would be "impracticable." Fed. R. Bank. P. 8007(b)(2). Petitioners have made no such showing here, other than offering that the Sale Order is "to be entered imminently." ECF No. 1 at 49. There is nothing preventing Petitioners from moving to stay the Order with Judge Chan.

[4] Petitioners have not demonstrated a withdrawal of reference is appropriate. A district court is required to withdraw the reference to the Bankruptcy Court if, following a timely motion, it "determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). Courts have read this provision narrowly, mandating withdrawal of reference "only where resolution of the claims will require 'substantial and material' consideration of non-code federal *statutes* that have more than a de minimis impact on interstate commerce." *Stream TV Networks, Inc. v. Stastney*, No. No. 23-mc-135, 2023 WL 7928682, at *4 (E.D. Pa. Nov. 16, 2023) (emphasis in original). Petitioners assert that the proceedings require consideration of due process and intellectual property law—neither of which are federal statutes. Seemingly aware that mandatory withdrawal is not warranted, Petitioners alternatively request this Court exercise its discretion to withdraw the reference. While it is true a district court may withdraw the reference for good cause shown, *see* 28 U.S.C. § 157(d), Petitioners have not established good cause here. The Court has considered "the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process," and has determined that this matter should be heard by the Bankruptcy Court. *See In re Forks Specialty Metals Inc.*, No. 19-132, 2020 WL 2098099, at *2 (E.D. Pa. May 1, 2020). The motion for withdrawal of reference is therefore denied.